[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 18, 2011
JOHN LEY
CLERK

No. 11-12885
Non-Argument Calendar

_____

D. C. Docket No. 8:09-cv-01892-JSM-TBM

ROBERT CANNIOTO,
BONNIE CANNIOTO, his wife,

Plaintiffs-Appellants,

versus

LOUISVILLE LADDER, INC., a Delaware
corporation,
THE HOME DEPOT USA, INC., a Delaware
corporation,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 18, 2011)

Before DUBINA, Chief Judge, HULL and BLACK, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's order excluding the testimony of plaintiff's expert, Charles E. Benedict, Ph.D., and the grant of defendants Louisville Ladder, Inc. and The Home Depot USA, Inc.'s motion for summary judgment. The issues presented on appeal are: (1) whether the district court abused its discretion in excluding the expert testimony of Dr. Benedict; and (2) whether the district erred in finding that the plaintiffs were not entitled to a *Cassisi*[1] inference and in granting the defendant's motion for summary judgment. This court reviews the district court's grant of summary judgment *de novo*. *Fanin v. U.S. Dept. of Veterans Affairs*, 572 F.3d 868, 871 (11th Cir. 2009). A district court's ruling excluding an expert witness under Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrill Dow Pharmaceuticals,* 509 U.S. 579, 113 S. Ct. 2786 (1993) is reviewed for an abuse of discretion. *General Electric Co. v. Joiner*, 522 U.S. 136, 118 S. Ct. 512 (1997); *Rink v. Cheminova*, 400 F.3d 1286 (11th Cir. 2005).

After reviewing the record, and reading the parties' briefs, we first conclude that the district court did not abuse its discretion in excluding the expert testimony of the plaintiffs' principal expert witness, Dr. Benedict. We agree with the district court's finding that Dr. Benedict's failed test alone could support an exclusion of

---

[1]*Cassisi v. Maytag Co.,* 396 So. 2d 1140 (Fla. 1st DCA 1981).

his testimony. We also agree with the district court's finding that Dr. Benedict's new opinion set forth in his deposition testimony violated Federal Rule of Civil Procedure 26(a)(2)(B) and (C).

In *Cassisi v. Maytag Company*, 396 So.2d 1140 (Fla. 1st DCA 1981), the Florida appellate court held that a legal inference is created that a product was defective at the time of injury or the time of sale when it malfunctions during normal use. The district court in its well-reasoned order held that the *Cassisi* inference is not applicable to this case because the ladder in question still existed and had been inspected by the plaintiffs' expert. Moreover, the plaintiffs did not prove that the ladder malfunctioned as required by *Cassisi*. *See Rink v. Cheminova, Inc.,* 400 F.3d at 1295 n.9. Finally, the record demonstrates that the plaintiff failed to subject the ladder to a normal operation. The ladder was set up at too steep an angle at the time of Cannioto's fall which, in turn, caused it to slide as he climbed it. The record demonstrates that Cannioto also failed to secure the top of the ladder. Accordingly, for the above-stated reasons, we affirm the district court's order granting the motion to exclude plaintiffs' expert witness and the grant of summary judgment in favor of the defendants.

AFFIRMED.